IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01488-BNB

ANTHONY M. AYERS,

    Applicant,

v.

WARDEN MICHAEL MILLER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Anthony M. Ayers, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.  Mr. Ayers has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 06CR1050 in the Jefferson County District Court.  He has paid the $5.00 filing fee in a habeas corpus action.

    In an order entered on June 8, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After receiving an extension of time, Respondents filed a Pre-Answer Response on July 27, 2012.  Mr. Ayers has not submitted a Reply.

The Court must construe liberally the Application filed by Mr. Ayers because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

## I.     Background and State Court Proceedings

On July 21, 2006, Mr. Ayers pled guilty to distribution of a controlled substance – second offense and forgery.  Pre-Answer Resp. Ex. B at p. 8 (State Court Register of Actions). On August 24, 2006, the trial court sentenced Mr. Ayers to concurrent sentences of twenty-four and two years in the custody of the Colorado Department of Corrections.  *Id.* at 7.

On January 4, 2007, Mr. Ayers filed a motion for reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b).  *Id.*  The trial court denied the motion on January 18, 2007.  *Id.*  Mr. Ayers did not file an appeal.

On December 15, 2008, Mr. Ayers filed a post-conviction motion pursuant to Rule 35(c), which the trial court denied on March 19, 2009.  *Id.* at 6.  Mr. Ayers filed a notice of appeal, and the Colorado Court of Appeals affirmed the trial court on November 10, 2010.  *See People v. Ayers*, No. 09CA0926 (Colo. App. Nov. 10, 2010) (unpublished opinion) (Pre-Answer Resp. at Ex. A).  Mr. Ayers petitioned for certiorari review, which the Colorado Supreme Court denied on June 6, 2011.  Pre-Answer Resp. at Ex. E.

Mr. Ayers then filed the instant action, which was received by the Court on June

7, 2012. In the Application, Mr. Ayers asserts one claim: that he received ineffective assistance of counsel because his attorney failed to appeal the denial of his motion for reduction of sentence.

## II.      Timeliness

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Ayers' criminal case became final. The final sentence in Mr. Ayers' case entered on August 24, 2006. Pre-Answer Resp. at Ex. B, p. 7. Because Mr. Ayers did not file a direct appeal, the Court therefore finds that his conviction became final on October 9, 2006, forty-five days after he was sentenced.[1]  *See* Colo. App. R. 4(b); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). As such, the one-year statute of limitations began to run on October 10, 2006, the next business day after the conclusion of his direct appeal. *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Ayers' state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

---

[1] The forty-fifth day after August 25, 2006, was October 8, 2006. However, October 8, 2006, was a Sunday. Therefore, the filing deadline extended until October 9, 2006. *See* C.A.R. 26(a).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending motions in Mr. Ayers' state court action between October 10, 2006, and January 3, 2007. *See* Pre-Answer Resp. at Ex. A, p. 7. These 86 days are counted against the one-year statute of limitations. Mr. Ayers filed a post-conviction motion on January 4, 2007, that the state court denied on January 18, 2007. *See id.* Mr. Ayers then had forty-five days, or until March 5, 2007, to file an appeal. *See* Colo. App. R. 4(b). Mr. Ayers did not file an appeal. Therefore, the limitations period began running again on March 6, 2007.

There were no pending motions in Mr. Ayers's state court action between March 6, 2007, and August 10, 2008. *Id.* On August 11, 2008, Mr. Ayers filed a notice of appeal. *Id.* It is not clear, and neither party has clarified, whether this notice of appeal was an attempt by Mr. Ayers to directly appeal his conviction, or an attempt to appeal the denial of his motion for reduction of sentence. In either instance, the appeal was untimely. Mr. Ayers was required to file a direct appeal of his conviction on or before October 9, 2006, forty-five days after he was sentenced. *See* Colo. App. R. 4(b). He was required to file an appeal of the denial of his 35(b) motion on or before March 5,

2007. *See id.* Mr. Ayers failed to file a timely appeal in either circumstance, and his August 11, 2008 appeal was dismissed by the Colorado Court of Appeals on September 18, 2008. *See* Pre-Answer Resp. at Ex. B, p. 6. The limitations period was not tolled by Mr. Ayers' untimely appeal because it was not "properly filed" under § 2244(d)(1)(D). *See Hoggro v. Boone*, 150 F.3d 1223, 1227 n. 5 (10th Cir. 1998) (holding that untimely appeals are not considered properly filed); *see also Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998) (holding that a "properly filed" application, for purposes of § 2244(d), is one that has been "submitted according to the state's procedural requirements, such as the rules governing the time and place of filing.").

Accordingly, the statute of limitations began running on March 6, 2007, and ran un-tolled for 279 days until it expired on December 10, 2007 (86 days + 279 days = 365 days). Because the one-year limitation period expired before Mr. Ayers filed his next motion for post-conviction relief on December 15, 2008, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Because Mr. Ayers did not file his habeas corpus application in this Court until June 7, 2012, more than four years after the limitations period expired, the Court finds that the action is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus

application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Ayers bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Ayers fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Ayers has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  27th  day of    August    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court